**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **ALFONSO VARGAS URDIERA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:26-cv-01889** |
| | ) | |
| **CHRISTOPHER BULLOCK, Field Office Director of Enforcement and Removal Operations, New Orleans Field Office, Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, Acting U.S. Attorney General,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**ORDER**

Pending before the Court is Alfonso Vargas Urdeira's Petition for Writ of Habeas Corpus (Doc. No. 1), and Emergency Motion and Incorporated Memorandum of Law for Order to Show Cause, Expedited Return, and Temporary Restraining Order (Doc. No. 2).

The Verified Petition alleges that Urdeira was taken into ICE custody in Nashville on November 19, 2026; that counsel has been unable to communicate with him or determine his present location or immediate custodian; that the ICE Online Detainee Locator System returns a message to "CALL ICE" for him; and that Respondents are detaining him under 8 U.S.C. § 1225(b)(2)(A). The Court finds that expedited review is warranted under 28 U.S.C. § 2243 and that temporary preservation of Petitioner's custodial location is warranted pending Respondents' return. The Petition presents a substantial claim under Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), and transfer before expedited review could cause irreparable harm and unnecessarily complicate the Court's habeas review.

Having considered the motion, the verified Petition for Writ of Habeas Corpus, the exhibits, and the applicable law, the Court finds, for purposes of this interim relief only, that Petitioner is like to succeed on the merits of his claims that his November 19, 2026, detention is unauthorized by 8 U.S.C. § 1226(a) and/or violates the Due Process Clause of the Fifth Amendment; that he is likely to suffer irreparable harm if he is transferred outside of the Middle District of Tennessee before the Court can obtain the custody record and consider the Petition; and that the balance of equities and the public interest favor preserving the status quo.

Pending further order of the Court, Respondents and all persons acting in concert with them who receive actual notice of this Order are temporarily restrained from transferring Petitioner outside of the Middle District of Tennessee.

The motion is therefore **GRANTED**, and the Court rules as follows:

1. Respondents shall, by **Wednesday, November 25, 2026** show cause why the Petition and the relief requested therein should not be granted. The return shall identify Petitioner's present physical location and immediate custodian, identify any transfer occurring after the Petition was filed, and certify the factual and legal basis for his present detention. Petitioner will have until **Tuesday, December 1, 2026** to file a reply. Following completion of the briefing schedule, the Court will determine whether an evidentiary hearing or oral argument is necessary to resolve the Petition.
2. If Respondents contend that Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A), the return shall address Lopez-Campos. If Respondents rely upon 8 U.S.C. § 1226(c) or any other mandatory-detention provision, they shall identify the provision and the factual basis for its application.

3. Respondents shall file with the return the material custody records upon which they rely, including any Form I-200, Form I-213, Form I-286 or other custody determination, Notice to Appear, and any operative transfer or removal directive.
4. Pending further order of the Court, Respondents and all persons acting in concert with them who receive actual notice of this Order are **TEMPORARILY RESTRAINED** from transferring Petitioner outside the Middle District of Tennessee if he presently is confined within this District, or outside Tennessee if he already has been transferred elsewhere within the State. If Petitioner already has been transferred outside Tennessee, Respondents shall promptly disclose his present location and shall not transfer him to another state or jurisdiction, except to return him to the Middle District of Tennessee. Respondents shall not remove Petitioner from the United States absent further order of this Court.
5. Respondents shall promptly notify the personnel responsible for Petitioner's custody and transportation of this Order.
6. No security is required under Federal Rule of Civil Procedure 65(c).
7. This Order takes effect upon notice. Petitioner's counsel shall serve a copy of this Order on Respondents and file on the docket when service is made. This Order shall remain in effect for fourteen (14) days from its entry unless extended by the Court for good cause or by consent. Fed. R. Civ. P. 65(b)(2).

IT IS SO ORDERED.

Waverly D. Crenshaw, Jr.

WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE